T. HENRY WALNUT, ASSIGNEE, &c., v. MAHLON W. NEWTON.

Argued November 8, 1911—Decided February 17, 1912.

1. Section 4 of the supplement of 1905 to the District Court act (*Comp. Stat.*, *p.* 1991, *pl.* 117d), requiring demand for jury trial to be made at least one day before the return date of the summons, is inapplicable in replevin cases where the defendant is not served before the return day and appears pursuant to extraterritorial service of the unamended writ and an order of court fixing a day for trial.
2. The proper practice in cases where service of original process cannot be made in due season before the return day, is to amend the writ by extending the return day, and make service thereof based on such new return day.
3. Whether in such latter case the act of 1905 would apply to demands for jury trial, *quære*.

On appeal from District Court of Camden.

Before Justices GARRISON, PARKER and BERGEN.

For the appellant, *Joseph Beck Tyler.*

For the appellee. *Joseph J. Summerill* and *William C. French.*

The opinion of the court was delivered by

PARKER, J. This was an action of replevin in a District Court, in which there was a jury trial and a verdict and judgment for defendant.

The first cause for reversal argued is this:

"Because trial was had by jury over the objection of the plaintiff because the jury was not demanded by the defendant within the time limited by statute. The plaintiff having offered to prove that no demand was made within the time limited by statute, which offer was refused by the court and a jury trial granted."

The situation is a little unusual, and substantially raises the question whether the supplement of 1905 to the District Court act (*Pamph. L., p.* 493, § 4; *Comp. Stat., p.* 1991, *pl.* 117d) is to be applied, or the previous legislation in that regard, which is section 149 of the District Court act of 1898, as amended by chapter 235 of the laws of 1903. *Pamph. L., p.* 505; *Comp. Stat., p.* 1999. Under the act of 1903 a demand of a jury must be made, and notice thereof given to the clerk, and the *venire* fees paid, at least two days, exclusive of Sundays and holidays, before the time fixed for the trial, or "such demand shall be deemed to have been waived; but the judge may in his discretion grant a *venire* at the expense of the plaintiff, to be taxed in the costs of suit notwithstanding the failure of a demand as hereinbefore specified." By section 4 of the act of 1905, *ubi supra,* in all proceedings had by virtue of the District Court act, "the court shall, unless a jury be demanded by either party at least one day before the return day of the summons, try the issue and give judgment thereon in like manner as in case of the verdict of a jury." It will be observed that no discretion is vested in the court by this later act, but the trial must be without jury unless demand is made at least one day before the return of the summons. The constitutionality of this section was upheld in two decisions by separate branches of this court at the same term—*Phœnix Pottery Co.* v. *Perkins Company,* 50 *Vroom* 78; *Haythorn* v. *Van Keuren & Son, Id.* 101—in which latter case the statute was held to be mandatory. So, that if the point was properly raised in the case at bar, and is supported by the facts, and the act of 1905 is applicable, it was error to try the case with a jury.

The situation presented at the trial was this: The suit was in replevin, and defendant could not be served within the state. Recourse was accordingly had by plaintiff to section 122 of the District Court act (*Pamph. L.* 1898, *p.* 603), which provides that when writs of replevin cannot be served in the manner required for a summons because of the defendant's absence, and his non-residence in the county, the writ shall be served as the court may by an order direct. Such an order was made

on July 20th, 1911, after the return of the summons, for service on the defendant's accredited attorney in the county and on defendant personally without the state, and fixing August 3d as the day for trial, and service of the writ and order was made in both ways prescribed, whereupon the defendant appeared, and after adjournments the parties went to trial. The record does not show when the demand for jury was made. In the brief for appellant, plaintiff, we are informed that—

"The plaintiff, on September 7th, and also on September 14th, offered to prove that no demand for jury had been made one day prior to the return day, August 3d, 1911, or one day prior to the date of adjournment, September 7th, 1911, and objected to trial by jury. This offer was refused and exception was taken to trial by jury."

All that appears in the state of the case, however, is this colloquy between court and counsel after the trial had begun on September 21st:

"Mr. Tyler: While counsel are examining this paper I would like to have entered upon the record, as a matter of form, the objection that has already been made; it was made last week, if your honor will recall, that counsel for the claimant offered to prove that no demand had been made for a jury within the time limited by statute, and that offer was refused and the claimant excepted to any jury being sworn in this case.

"The Court: It will be so noted on the record."

Taking the statement in the brief as correct it is fairly inferable that a demand for jury trial had been made by defendant as early as September 7th, although, as we view the case, even if no such demand had been made, the court committed no legal error in awarding a jury trial, for reasons to be presently stated.

We may assume that as the writ of replevin combined a command for the caption of the goods with a summons to the defendant to appear, it may be regarded as a "summons" for the purposes of section 4 of the act of 1905. If it was not a summons, of course that act was inapplicable, and the act of 1903 would control. Taking it as a summons, the require-

ment of the act of 1905 that a jury be demanded one day before its return is plainly predicated on service of the writ in the manner required for writs of summons, *i. e.,* five days before the return day, so as to give defendant reasonable opportunity to make his demand. It cannot be that in replevin cases after the writ expires without service and a defendant is afterwards brought into court by a substituted extraterritorial service based on jurisdiction over the *res,* he may be barred of his right to a jury by reason of the return day having passed.

A more effective subversion of the right to trial by jury in replevin cases could not well be devised when the defendant is a non-resident. And, indeed, the plaintiff does not claim this. What he does claim is that the demand should have been made at least one day prior to August 3d, the day fixed for trial in the order, and which he calls "the return day," or at least one day prior to September 7th, the day to which the trial was adjourned; and that the court erred in overruling his offer to prove that such demand had not been made at either time. But in the view that we take of the matter, the act of 1905 became inapplicable when the plaintiff resorted to the service of an expired writ and an order of court as a means of securing jurisdiction over the defendant, because there was then no such thing as a return day of the summons to limit the time for making a demand for jury. Consequently, if any statute was applicable, it was the act of 1903, which vests in the court a discretionary power to award a jury even in the absence of a demand. The result is that no error was committed by the rejection of the proof offered.

We do not wish to be understood as approving the practice that was pursued in this case to get the defendant into court. It would seem that in case service cannot be made, as required by law, at least five days before the return day, the proper practice would be that pursued in the superior courts of common law, to amend the summons by enlarging the return day as is constantly done by both attorneys and sheriffs for the purpose of securing service on the defendant or of delaying service for his accommodation. *Kloepping* ads. *Stellmacher, 7 Vroom*

176, 178; *McCracken* v. *Richardson*, 17 *Id.* 50, 52, in which it is stated that the return day may be extended even after the original return day has passed. The practice of the Circuit Courts is applicable in this particular. District Court act, section 68. Whether such a course would render the statute of 1905 applicable in cases of demand for jury trial is a question not now presented for consideration.

The next point argued is that the court erred in refusing to direct a verdict for the plaintiff, and this leads to an examination of the evidence. Defendant Newton claimed the goods in right of a distress warrant issued by him as landlord of certain premises in Camden on which the goods were situated, executed on said goods, and a sale to him thereunder. No question is raised as to the regularity of the distress proceedings. The claim of plaintiff is that the goods did not at the time of executing the distress warrant belong to the tenant. That tenant, as named in the lease, was a corporation of this state called the Diffin Machine Company; and plaintiff claimed the goods as assignee for benefit of creditors of a firm called Diffin & Smith Company, composed of Frank G. Diffin and William A. Smith. The meritorious question was therefore whether plaintiff had shown as a court question that the goods at the time of the distress were the property of himself as assignee of Diffin & Smith Company, or whether the ownership was a question for the jury. If there was a substantial conflict of evidence a verdict could not be directed.

Without going into the details of the evidence, we are of opinion that the evidence was such as to justify a jury in finding that the title of the goods had passed from Diffin & Smith Company to the Diffin Machine Company prior to the assignment to Walnut, and that the goods were in the possession and control of that company for some months prior to the distress. Hence, a direction was properly refused.

The other specifications were not discussed on the argument and are not argued in plaintiff's brief, and we have therefore not considered them.

The judgment will be affirmed.